IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALEX-WAYNE DUNCAN, | ) |
| Plaintiff, | ) ) |
| | ) No. 2:25-cv-02158-TLP-cgc |
| v. | ) ) |
| ABSOLUTE TOWING & RECOVERY LLC, | ) ) ) |
| Defendant. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Alex-Wayne Duncan sued Defendant Absolute Towing & Recovery LLC for towing his vehicle. (ECF No. 2 at PageID 8–9.) He asserts that towing his vehicle violated his rights under 42 U.S.C. § 1983, constitutes "equity conversion," and violates Tenn. Code Ann. § 47-9-609, among other things. (*Id.* at PageID 10–11; *see* ECF Nos. 6–8, 10–11.)

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmaine G. Claxton for management of all pretrial matters. Because Plaintiff is proceeding in forma pauperis in this matter, Judge Claxton screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued an R&R in February 2025. (ECF No. 9.) In the R&R, Judge Claxton recommends the Court dismiss Plaintiff's claims.

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And the Court "may accept, reject, or modify, in

1

whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. Judge Claxton entered her R&R in February 2025. Plaintiff did not object, and the time to do so has now passed.[1] The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R. The Court agrees with Judge Claxton that Plaintiff's Complaint fails to state a claim and is subject to dismissal. (*See* ECF No. 9.) As Judge Claxton points out, Plaintiff fails to allege both state action and a constitutional deprivation to support a § 1983 claim. (*Id.* at PageID 49.) *Hart v. City of Grand Rapids*, 138 F.4th 409, 416 (6th Cir. 2025). And it is unclear how the facts here implicate any security interest or collateral under Tennessee law. (*See* ECF No. 2.) *See* Tenn. Code Ann. § 47-9-109. And liberally construing the Complaint, there are not enough facts to support a conversion claim. *See Fam. Trust Servs. LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 306 (Tenn. 2024) ("Conversion is the appropriation of tangible property to a party's own use in exclusion or in defiance of the owner's rights."). Judge Claxton also found that there is no good faith basis to appeal under Federal Rule of Appellate Procedure 24(a), and the Court agrees. (ECF No. 9 at PageID 50–51.)

---

[1] Plaintiff did not object, but he filed separate attachments to his Complaint. (ECF Nos. 10, 11.) These attachments attempt to assert § 1983 claims against new defendants and include trust and indemnity documents, but Plaintiff alleges no facts. (*Id.*) As a result, these attachments have no effect on the analysis here.

As a result, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims. The Court also **CERTIFIES** that any appeal would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 13th day of August, 2025.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE